IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAZA SIDDIQUI, MARCUS CROSBY, ANNA BASSETT, TODD ROBERTS, DOUG WEBBER, NATHAN CANTU, and JEFFREY CHEATHAM, <br><br>　　　　Plaintiffs, <br><br>　v. <br><br>NATIONAL ASSOCIATION OF BROADCAST EMPLOYEES AND TECHNICIANS, THE BROADCASTING AND CABLE TELEVISION WORKERS SECTOR OF THE COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO, CLC; CHARLES G. BRAICO, in his capacity as Sector President of NABET-CWA; LOUIS M. MARINARO, in his capacity as Sector Vice President of NABET-CWA; and EDWARD McEWAN, in his capacity as Temporary Trustee of NABET-CWA Local 41, <br><br>　　　　Defendants. | Case No. 1:22-cv-05732 <br><br> Honorable Manish S. Shah |

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

**WHEREAS**, Plaintiffs brought this action against Defendants under Title III of the Labor-Management Reporting and Disclosure Act. ("LMRDA"), 29 U.S.C. § 461 *et seq.*, seeking, *inter alia*, to dissolve the trusteeship imposed upon NABET-CWA Local 41 on September 22, 2022 ("the Trusteeship"). (Dkt. 9).

**WHEREAS**, the Court granted Plaintiffs' Motion for Temporary Restraining Order and entered a Temporary Restraining Order on December 7, 2022, ordering the following:

　　(1) Defendants shall dissolve the trusteeship imposed on NABET-CWA Local 41 ("the Local") and restore the Local to its pre-trusteeship status;

1

(2) Defendants shall re[s]tore to office the Local members who held elected or appointed office at the time the trusteeship was imposed; and

(3) Pursuant to Civil Rule 65(c), Plaintiffs shall deposit a security bond with the Clerk of Court in the amount of ten thousand dollars ($10,000).

(Dkt. 41).

**WHEREAS**, the Court granted Plaintiffs' Motion to Convert the Temporary Restraining Order into a Preliminary Injunction on December 20, 2022. (Dkt. 49).

**WHEREAS,** although Defendants continued to challenge the validity and appropriateness of the Temporary Restraining Order and Preliminary Injunction, all requirements, directives and commands set forth in the Temporary Restraining Order and Preliminary Injunction were fully performed and complied with on or about December 9, 2022.

**WHEREAS**, Plaintiffs and Defendants (collectively, "the Parties") desire to resolve the above-captioned litigation, in order to avoid incurring further attorneys' fees, costs, and time, and to avoid the uncertainty and risk involved in continued litigation.

**WHEREAS**, this Consent Judgment memorializes the Parties' compromise of the above-captioned matter and shall not be construed as an admission of liability by any Party.

**WHEREAS**, Plaintiffs and Defendants have agreed to entry of a Consent Judgment and Permanent Injunction on the following terms.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. Judgment is hereby entered in the above-captioned case on the terms set forth herein.

2. The Temporary Restraining Order (Dkt. 41) and Preliminary Injunction (Dkt. 49) previously entered in this litigation are hereby converted into a Permanent Injunction, and the Defendants are permanently enjoined and restrained with respect to the Trusteeship as follows:

    (1) Defendants shall dissolve the trusteeship imposed on NABET-CWA Local 41 ("the Local") and restore the Local to its pre-trusteeship status; and

    (2) Defendants shall restore to office the Local members who held elected or appointed office at the time the trusteeship was imposed.

    3.    The Temporary Restraining Order (Dkt. 41) and Preliminary Injunction (Dkt. 49) previously entered in this litigation shall be dissolved and vacated upon entry of this Order, except for the provisions incorporated herein.

    4.    Defendant NABET-CWA shall pay to NABET-CWA Local 41 the amount of Twenty-Six Thousand, Six-Hundred Twenty Dollars and Eighty Cents ($26,620.80), designated as costs of the Trusteeship.

    5.    The Parties have been unable to resolve the issues of (1) whether Plaintiffs are entitled to recovery of attorneys' fees and costs incurred in bringing this litigation, and (2) if so, what is the proper scope and amount of attorneys' fees and costs Plaintiffs would be entitled to. By agreement, the Parties shall submit these issues to the Court for resolution as follows:

    a.    Within 21 days of the Court's Entry of this Consent Judgment and Permanent Injunction, each Party shall submit a brief to the Court on the issue of whether Plaintiffs are entitled to any recovery of attorneys' fees and costs incurred in bringing this litigation.

    b.    Within 21 days of the filing of the Parties' briefs on that issue, each Party may file a response brief to the other Party's brief.

    c.    In the event that the Court determines that Plaintiffs may be entitled to recovery of attorneys' fees and costs, Plaintiffs shall file, within 30 days of the Court's ruling on that preliminary issue, a Fee Motion as defined by Local Rule 54.3. That Fee Motion and any response to the Fee Motion shall be governed by

Local Rule 54.3, except for where the timelines under that Rule conflict with the language of this Consent Judgment, in which case the terms of this Consent Judgment shall control.

6. The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing this Consent Judgment and Permanent Injunction.

**IT IS SO ORDERED.**

DATED: <u>August 30, 2023</u>

                                                  Manish S. Shah, United States District Judge

The foregoing Consent Judgment and Permanent Injunction has been agreed and consented to by the Parties as follows:

| FOR THE PLAINTIFFS: | FOR THE DEFENDANTS: |
|---|---|
| Dated: 8/30/2023 | Dated: 8/30/2023 |
| /s/ Matt Pierce | /s/ Joshua File |
| Margaret Angelucci<br>Matt Pierce<br>Asher, Gittler & D'Alba, Ltd.<br>200 W. Jackson Blvd., Suite 720<br>Chicago, IL 60606<br>312/263-1500<br>maa@ulaw.com<br>mjp@ulaw.com<br><br>*Counsel for Plaintiffs* | Joshua File<br>Katz, Friedman, Eisenstein, Johnson, Bareck & Bertuca<br>161 North Clark Street, Suite 1800<br>Chicago, IL 60601<br>312.263.6330<br>jfile@katzfriedman.com<br><br>Judiann Chartier<br>NABET-CWA, AFL-CIO<br>510 Third Street NW<br>Washington, DC 20001<br>(202) 434-1254<br>jchartier@cwa-union.org<br><br>*Counsel for Defendants* |